## Greisler Brothers, Inc. v. National Fire Insurance Company of Hartford

*Harry Kozart*, for plaintiff.

*Ronald H. Sherr*, for defendant.

GOLD, P. J., November 18, 1968.—

### I. STATEMENT OF THE CASE

Plaintiff instituted a suit in assumpsit to recover under an inland marine policy of insurance containing a comprehensive endorsement covering personal property in transit.

After an answer was filed by defendant, the matter was, by stipulation, referred to the Honorable Joseph E. Gold, on the case stated, pursuant to which the court entered the following order:

"AND NOW, to wit, this 6th day of May, 1968, the Court finds that the loss sustained by the plaintiff is not within the coverage of the insurance policy and therefore finds in favor of the defendant".

Plaintiff's exception to the order of court is now before us.

## II. QUESTION INVOLVED

### DOES THE INSURANCE POLICY COVER THE CLAIM OF THE PLAINTIFF?

### III. DISCUSSION

The relevant provisions of the endorsement are as follows:

"2. Property and Interest Excluded—This policy does not insure: . . .

(d) Loss resulting from interruption of business or *other consequential loss extending beyond the direct physical loss or damage to the insured property;* (Italics supplied) . . .

4. Perils Insured: This policy insures against all risks of *direct physical loss of or damage to the insured property from any external cause* . . . except as hereinafter excluded; (Italics supplied.)

5. Perils Excluded: This policy does not insure against loss or damage caused by or resulting from: . . .

(c) Delay, loss of market, loss of use, inherent vice, gradual deterioration, wear and tear, moth and vermin;

(d) Leakage, breakage, marring, scratching, dampness of atmosphere, dryness of atmosphere, extremes or changes of temperature* shrinkage, evaporation,

---

* The language "extremes or changes of temperature" is stricken from the endorsement.

loss of weight, rust, contamination, change in flavor or color of texture or finish . . .".

Plaintiff argues strenuously that since the language "extremes or changes of temperature" was eliminated from the endorsement, ergo, damage caused by or resulting from changes of temperature was a risk included in the coverage. However, this phrase has to do with that portion of the endorsement dealing with perils excluded. In so contending plaintiff de-emphasizes the language immediately prior thereto in the perils insured clause (paragraph 4) which states that the policy insures against all risks of direct physical loss of or damage to the insured property from any external cause except as hereinafter excluded.

To sustain a finding for plaintiff it is necessary that there was "direct physical loss of or damage to the insured property from any external cause . . .".

The question before us therefore is — was there physical loss or damage to the insured property from any external cause? We readily eliminate the loss feature. Conceivably there was no loss of any portion of the shipment. Was there damage to the insured property from any external cause? We think not. The shipment was never damaged and this is conceded both in the stipulation and in plaintiff's brief where, at page 3, it states:

"The purchaser, who knew the Army had rejected the meat, tested it and found no loss or physical damage to the meat, nor was it spoiled in any manner".

If there had been damage from any external cause to the shipment plaintiff's contention would have some validity because in such case it could be argued that the damage could be attributable to "extremes or changes of temperature".

We are also influenced by paragraph 2 of the endorsement where it is provided that the policy does not insure against:

"(d) loss resulting from interruption of business or *other consequential loss extending beyond the direct physical loss or damage to the insured property"*; (Italics supplied.)

This language means to us that the policy does not cover this case where the plaintiff lost its market and its profit when the meat, arrived undamaged but in such condition relating to temperature that it was rejected by the Defense Subsistence Supply Center.

Under the circumstances we adhere to our original decision that the claim of the plaintiff is not within the coverage of the insured policy and we reaffirm our finding in favor of the defendant. Under the circumstances, we find no necessity to rule on defendant's contention that the alleged damage arose "from any external cause".

We therefore enter the following:

### ORDER

And now, to wit, this November 18, 1968, the exceptions of plaintiff are dismissed and upon appropriate praecipe to the prothonotary judgment shall be entered in favor of defendant.